```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/5/2014
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
   DOROTHY PONIATOWSKI,                              :
                                                            :
                                      Plaintiff,   :
                 -against-                              :                   1:13-cv-1490-GHW
                                                             :
   JEH JOHNSON,[1] Secretary, U.S. Department of  :         MEMORANDUM OPINION
   Homeland Security,                                   :                      AND ORDER
                                                             :
                                    Defendant.  :
-------------------------------------------------------------------X

GREGORY H. WOODS, District Judge:

        Dorothy Poniatowski brings this action *pro se* against her former employer, the U.S. Department of Homeland Security ("DHS"), alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-34, and the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. §§ 701 *et seq.*[2]  Jeh Johnson, as Secretary of the DHS, moves to dismiss under Fed. R. Civ. P. 12(b)(6) on the ground that Poniatowski failed to timely file her complaint.  For the reasons that follow, the motion is denied.

---

[1] Jeh Johnson, the Secretary of Homeland Security since December 23, 2013, is substituted as the defendant pursuant to Fed. R. Civ. P. 25(d).

[2] Poniatowski does not mention the Rehabilitation Act by name in her complaint, but it is clear from her allegations that she intends to allege such a claim and the Government acknowledges her intention to do so. Def. Br. at 5, n. 4.  At this stage, the Court does not assess whether Poniatowski has stated a claim under the Rehabilitation Act but will construe her complaint as intending to bring such a claim.  *See McEachin v. McGuinnis*, 357 F.3d 197, 199 n.2 (2d Cir. 2004) ("It is well-established that the failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of a claim." (quotations omitted)).  Whether Poniatowski brings a Rehabilitation Act claim or not has no effect on the outcome of this opinion.

I.   **Background**

Poniatowski was an auditor for DHS in New York from 2001 to 2009.  Compl.[3] ¶¶ 8, 13(a). Poniatowski filed complaints with the Equal Opportunity Employment Commission ("EEOC") four times from January 2006 to July 2008.  Compl. ¶ 14; Compl. Exs. A-D.  Her complaints alleged discrimination on the basis of national origin, disability, and age and further alleged that she was retaliated against for filing complaints with the EEOC.  *Id.*; *see also* Compl. Ex. E at 1-6.  Her complaints were consolidated and on September 30, 2012, an EEOC administrative judge dismissed Poniatowski's claims in their entirety.  *Id.* at 1, 22.  The DHS adopted this decision in full in a November 27, 2012 order.  Compl. Ex. F at 1, 9.  The DHS's final order explained Poniatowski's right to appeal to the EEOC and her right to file a civil action in a federal district court, *id.* at 1, 10-11, and was therefore her "right-to-sue" letter.  The order stated that Poniatowski had "the right to file a civil action in an appropriate United States District Court within 90 days after you receive this final decision if you do not appeal to EEOC . . . ."  *Id.* at 11.  The order further explained that "[f]iling a request for an attorney does not extend the time in which to file a civil action" and that both any request for a court-appointed attorney and the civil action itself must be filed "within 90 days of the date you receive the agency or EEOC final decision."  *Id.*

Poniatowski filed this action and requested to proceed *in forma pauperis* on March 4, 2013. Dkt. Nos. 1-2.  She alleges that DHS discriminated against her on the basis of national origin, disability, and age and that she was retaliated against for her Equal Employment Opportunity ("EEO") activity.  Compl. ¶ 12.  Prior to an initial pretrial conference in this case, the government indicated its intention to move to dismiss the complaint on the ground that it was not filed within 90

---

[3] As explained below, Poniatowski filed an amendment to one paragraph of her complaint.  References to the complaint thus refer to her March 4, 2013 complaint with the exception of paragraph 15, which is referred to as both the "Original Compl." and "Am. Compl."

days of Poniatowski's receipt of her right-to-sue letter.  Poniatowski's original complaint alleged that she received her right-to-sue letter "on December 1, 2013."  Original Compl. ¶ 15.  Given that this date was more than a year after DHS's final order and after the date Poniatowski filed her complaint, the Court inquired about her allegation at the initial pretrial conference on May 1, 2014.  Poniatowski told the Court that she would need to check her files in order to allege the correct date on which she received her right-to-sue letter, and the Court granted her leave to amend her complaint as to that specific paragraph only.  *See* Dkt. No. 29.

On May 30, 2014, Poniatowski amended paragraph 15 to allege that she received the right-to-sue letter "on or about December 1, 2012."  Am. Compl. ¶ 15; *see also* Dkt. No. 31 (order treating Poniatowski's May 30, 2014 submission as an amendment to her complaint).  The government moved to dismiss on the ground that Poniatowski's complaint, filed on March 4, 2013, was three days late.  Def. Br. 5-6.

**II.     Discussion**

In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor.  *Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 36 (2d Cir. 2011).  To avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  *Pro se* litigants are not exempt from these pleading standards, but courts are "obligated to construe a *pro se* complaint liberally."  *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).  *Pro se* complaints are read with a "special solitude" to raise the "strongest [claims] that they suggest."  *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotations and citations omitted).

Under Title VII, the ADEA, and the Rehabilitation Act, an aggrieved party has 90 days from the date they receive a right-to-sue letter to file a civil action.  42 U.S.C. § 2000e-16(c) (Title VII);

*Long v. Frank*, 22 F.3d 54, 58 (2d Cir. 1994) (holding that actions brought under 29 U.S.C. § 633a are subject to the same limitations period from Title VII); 29 U.S.C. § 794a(a)(1) (Rehabilitation Act, which incorporates remedies, procedures, and rights of Title VII); *see also* 29 C.F.R. § 1614.407 ("A complainant who has filed an individual complaint . . . is authorized under title VII, the ADEA and the Rehabilitation Act to file a civil action in an appropriate United States District Court . . . [w]ithin 90 days of receipt of the final action on an individual . . . complaint if no appeal has been filed . . . ."). The 90-day limit is not jurisdictional but rather operates as a statute of limitations. *See Holowecki v. Fed. Exp. Corp.*, 440 F.3d 558, 565 (2d Cir. 2006); *Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143, 146 (2d Cir. 1984).

Poniatowski essentially alleges that she does not know precisely when she received her right-to-sue letter. Although her original complaint stated that she received the letter "*on* December 1, 2013," Original Compl. ¶ 15 (emphasis added), this date in 2013 – months after this action was filed – was plainly incorrect. After the Court instructed Poniatowski to allege the correct date that she actually received the letter, her amended complaint used the phrase "*on or about* December 1, 2012," Am. Compl. ¶ 15 (emphasis added). Poniatowski explains that she purposefully added the phrase "on or about" because she was not able to determine on exactly which date she received the right-to-sue letter. Pl. Br. at 2. Instead, she explains that she used December 1, 2012 in her amended complaint because that was the earliest date she might have received the letter and that she might have received it as late as December 4, 2012. *Id.*

If the Court credited the December 1, 2012 date without qualification, Poniatowski's complaint would in fact be untimely because it would have been filed 93 days after receipt. *See, e.g., Sanchez v. Nat'l Cleaning Co.*, 11 F. Supp. 2d 453, 455 (S.D.N.Y. 1998) (dismissing complaint filed 92 days after date alleged in complaint as the date plaintiff received right-to-sue letter). However, given Poniatowski's addition of the phrase "on or about" – a phrase whose purposefulness is

4

demonstrated by the fact that it was not present in her original complaint – the Court construes Poniatowski's *pro se* complaint as alleging that she does not know when she received the right-to-sue letter.[4] *See Nielsen v. Rabin,* 746 F.3d 58, 62 (2d Cir. 2014) ("[A] *pro se* litigant in particular should be afforded every reasonable opportunity to demonstrate that [s]he has a valid claim."); *see also Russell v. Hollister Corp.*, No. 13 Civ. 5273 (PAC) (JLC), 2014 WL 2723236, at *4-*5 (S.D.N.Y. June 17, 2014) (declining to strike amended complaint that alleged a date of receipt that made a previously untimely complaint timely because dismissal under such circumstances would be "a draconian sanction that is particularly inappropriate given [the plaintiff's] status as a *pro se* plaintiff").

Because the date of Poniatowski's receipt of her right-to-sue letter is uncertain at this time, the Court turns to the presumptions applicable in determining the timeliness of claims triggered by the receipt of right-to-sue letters. "Normally it is assumed that a mailed document is received three days after its mailing," and "normally it may be assumed, in the absence of a challenge, that a notice provided by a government agency has been mailed on the date shown on the notice." *Sherlock v. Montefiore Med. Center*, 84 F.3d 522, 525-26 (2d Cir. 1996). The right-to-sue letter here was dated November 27, 2012, and without any argument or evidence to the contrary, the Court presumes it was mailed on that date. *See id.*

Although the Court would typically apply a presumption that it took three days for Poniatowski to receive the letter by mail, here, the right-to-sue letter itself specifically provided for a

---

[4] Poniatowski's own allegations alleviate any concerns that this addition was made in order to save an otherwise untimely complaint. *See Russell*, 2014 WL 2723236, at *4-*5 (considering motion to strike and noting "problematic" situation where *pro se* plaintiff amended complaint to allege receipt of right-to-sue letter four days later than original complaint had pled after facing a motion to dismiss on timeliness grounds). Poniatowski's amended complaint referenced December 1, 2012 – a date which, if the Court credited it without qualification, would be untimely. Had Poniatowski simply been trying to avoid dismissal rather than respond to the Court's direction to correctly allege the date of receipt, she needn't have cited any date at all. Nevertheless, Poniatowski is reminded that "her pleadings are signed under penalty of perjury and that she has an obligation to litigate this action in good faith," *id.* at *5, including in any discovery or further motion practice related to the timeliness of this suit.

longer presumption. Compl. Ex. F at 14. The "Certificate of Service" reads, in relevant part: "For timeliness purposes, it shall be presumed that the parties received the foregoing within five (5) calendar days after the date it was sent via first class mail." *Id.* It is unclear why the EEOC and DHS chose to expressly adopt this generous five-day presumption, rather than the typical three-day presumption, but they did. The prominence of this language in the right-to-sue letter and the reliance that litigants – particularly *pro se* litigants such as Poniatwoski — may place on this unequivocal language point toward holding the government to its word. *Cf. Manley v. New York City Police Dep't*, No. 05 Civ. 679 (FLB), 2005 WL 2664220, at *4 (E.D.N.Y. Oct. 19, 2005) (dismissing untimely complaint but noting it was doing so "in the absence of any allegation that the EEOC or any other party misled [plaintiff] into believing that a more generous limitations period applied"). Several other district courts have also used the five-day presumption from similar right-to-sue letters, either as an initial presumption or on equitable tolling grounds. *See, e.g., Russell v. Potter*, No. 10 Civ. 1130 (SJF) (GRB), 2012 WL 760562, at *2 (E.D.N.Y. Mar. 7, 2012); *Ruiz v. Vilsack*, 763 F. Supp. 2d 168, 171 (D.D.C. 2011); *Washington v. White,* 231 F.Supp.2d 71, 75 (D.D.C. 2002); *Grey v. Henderson*, 169 F. Supp. 2d 448, 452 (M.D.N.C. 2001).

Five days from November 27, 2012 was December 2, 2012, and because that date was a Sunday in 2012, it is presumed Poniatowski received the right-to-sue letter on December 3, 2012. *See Griffin v. TNT Int'l Express*, No. 05 Civ. 10475 (PKC), 2006 WL 3755180, at *1 (S.D.N.Y. Dec. 20, 2006) ("[P]laintiff is presumed to have received the notice on Sunday, August 14, or, because of the absence of Sunday mail delivery, Monday, August 15."). Either way, from Sunday, December 2, 2012 or Monday, December 3, 2012, the ninetieth day falls on a weekend, so pursuant to Fed. R.

Civ. P. 6(a), Poniatowski had until March 4, 2013 to bring suit. Because she filed suit on that day, based on the information currently before the Court, her complaint is timely.[5]

Because Poniatowski's complaint is timely, the Court need not reach the issue of equitable tolling. The Court notes, however, that equitable tolling is "only appropriate in rare and exceptional circumstances" and that nothing in Poniatowski's complaint suggests that she was "prevented in some extraordinary way from exercising [her] rights." *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) (quotations and alterations omitted).

### III. Conclusion

For the foregoing reasons, the motion to dismiss is denied and the Clerk of Court is directed to close the pending motion at Dkt. No. 34. The Court will hold a status conference in this case on August 13, 2014 at 3 p.m. in Courtroom 9A. The Court will issue a separate order describing the issues both sides should come prepared to discuss at the conference.

SO ORDERED.

Dated: August 5, 2014
New York, New York

GREGORY H. WOODS
United States District Judge

---

[5] The Court notes that the government's counsel did not submit a reply brief by the deadline of August 4, 2014, and further did not make any argument related to whether and when any lawyer retained by Poniatowski may have received the right-to-sue letter. The Second Circuit has made clear that "the 90-day limitations period . . . begins to run on the date that a right-to-sue letter is first received either by the claimant or by counsel, whichever is earlier." *Tiberio*, 664 F.3d at 38. Although the Certificate of Service in the right-to-sue letter mentions an attorney and provides a certified mail tracking number, the government has not presented any argument as to whether or when this attorney represented Poniatowski or whether this attorney received the right-to-sue letter. Therefore, on the record before it, the Court cannot reach any conclusions with respect to when any attorney of Poniatowski may have received notice and whether or not that information would have an impact on the timeliness of Poniatowski's complaint.