```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/31/2014
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
      :
DOROTHY PONIATOWSKI,   :
      :
      Plaintiff,   :    1:13-cv-1490-GHW
-against-   :
      :    MEMORANDUM OPINION
JEH JOHNSON, Secretary, U.S. Department of   :    AND ORDER
  Homeland Security,   :
      :
      Defendant.   :
      :
-------------------------------------------------------------- X

GREGORY H. WOODS, District Judge:

## I. INTRODUCTION

Dorothy Poniatowski brought this case against her former employer, the Department of Homeland Security, under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967. She claims that she was discriminated against on the basis of disability, national origin, and age, and that she was subject to retaliation for filing complaints with the Equal Employment Opportunity Commission. *See* Complaint, Dkt. No. 2.

Plaintiff filed this case *pro se* on March 4, 2013. *See id.* The government moved for summary judgment on December 8, 2014. Dkt. No. 51. Plaintiff filed a letter in opposition to the motion for summary judgment on December 29, 2014. Dkt. No. 58. For the reasons outlined below, the government's motion for summary judgment is granted.

## II. BACKGROUND[1]

Ms. Poniatowski worked as an auditor at the Department of Homeland Security from 2001 through 2009. 56.1 Statement, ¶ 1. She filed multiple complaints with the EEOC between 2006 and

---

[1] Facts were taken from the government's Statement Pursuant to Local Rule 56.1 ("56.1 Statement"), Dkt. No. 54. Plaintiff did not file a statement in opposition, so the Court considers the facts therein undisputed for the purposes of deciding this motion. *See* Fed. R. Civ. P. 56(e).

2008, alleging discrimination on the basis of disability, national origin, and age, and retaliation.  56.1 Statement, ¶ 2.  On September 30, 2012, an Administrative Law Judge dismissed her claims in their entirety.  56.1 Statement, ¶ 3.  The Department of Homeland Security adopted this decision as its final agency action in this matter on November 27, 2012.  56.1 Statement, ¶ 4.  The agency mailed its final decision to Ms. Poniatowski by first-class mail the same day, and she received it on or about December 1, 2012.  56.1 Statement, ¶¶ 5, 7.  The agency also mailed its final decision to Ms. Poniatowski's attorney at the time—Alan E. Wolin—by certified mail, and he received it on November 29, 2012.  56.1 Statement, ¶¶ 5, 8, 9.  The final decision mailed to Ms. Poniatowski included instructions for filing an action in the district court and noted that such filing must be made within 90 days after she received the decision.  56.1 Statement, ¶ 6.  Ms. Poniatowski filed her complaint in this court on March 4, 2013, 95 days after her former counsel received the final agency decision.  56.1 Statement, ¶ 10.

### III.   LEGAL STANDARD

The government is entitled to summary judgment if it can show that "there is no genuine dispute as to any material fact and that [they are] entitled to judgment as a matter of law."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)).  A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," while a fact is material if it "might affect the outcome of the suit under governing law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

To defeat a motion for summary judgment, plaintiff "must come forward with 'specific facts showing that there is a genuine issue for trial.'"  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)).  "[M]ere speculation or conjecture as to the true nature of the facts" will not suffice.  *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (citations and internal quotations omitted).  Nor will wholly implausible alleged facts or bald assertions that

are unsupported by evidence. *See Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991); *Argus Inc. v. Eastman Kodak Co.*, 801 F.2d 38, 45 (2d Cir. 1986) (citing *Matsushita*, 475 U.S. at 585-86). The issue of fact must be genuine—plaintiff "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita,* 475 U.S. at 586.

In determining whether there exists a genuine dispute as to a material fact, the Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (citing *Terry v. Ashcroft,* 336 F.3d 128, 137 (2d Cir. 2003)). The Court's job is not to "weigh the evidence or resolve issues of fact." *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 254 (2d Cir. 2002). Rather, the Court must decide whether a rational juror could find in favor of the non-moving party. *Id.*

## IV. DISCUSSION

In her opposition letter, Ms. Poniatowski does not make an argument or offer any evidence that her case was timely filed in this Court. As a consequence, the Court deems the assertions in the government's 56.1 Statement to be admitted. *See Jackson v. Federal Express*, 766 F.3d 189, 194 (2d Cir. 2014). The Court finds plaintiff's claim was not timely and that she is not entitled to equitable tolling.

### A. Statute of Limitations

Ms. Poniatowski was required to file her lawsuit—if at all—no later than 90 days after receiving notice of the Department of Homeland Security's final agency action. *See* 42 U.S.C. § 2000e-16(c) (for Title VII claims); *Long v. Frank*, 22 F.3d 54, 58 (2d Cir. 1994) (for ADEA claims); 29 C.F.R. § 1614.407 (for Title VII, ADEA, and disability-discrimination claims properly filed under the Rehabilitation Act). Ms. Poniatowski was represented by an attorney at the time the notice was mailed, thus she received notice when her attorney received notice. *See Irwin v. Dep't of Veterans*

3

*Affairs*, 498 U.S. 89, 91 (1990); *Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 38 (2d Cir. 2011) ("90–day limitations period set forth in 42 U.S.C. § 2000e–5(f)(1) begins to run on the date that a right-to-sue letter is first received either by the claimant or by counsel, whichever is earlier.")

In *Irwin*, the Supreme Court held:

> [Section] 2000e-16(c) requires only that the EEOC notification letter be "received"; it does not specify receipt by the claimant rather than by the claimant's designated representative. There is no question but that petitioner appeared by his attorney in the EEOC proceeding. Under our system of representative litigation, each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.

498 U.S. at 91 (internal citations omitted). Ms. Poniatowski finds herself in the same situation here: there is no dispute that Mr. Wolin was representing her at the time he received the notice. And "[t]o read the term 'receipt' to mean only 'actual receipt by the claimant' would render the practice of notification through counsel a meaningless exercise." *Id.* at 93. For purposes of the 90-day filing limitation, Ms. Poniatowski received the notice on November 29, 2012, when Mr. Wolin received it.

The Second Circuit strictly enforces the 90-day deadline, finding that "in the absence of a recognized equitable consideration, the court cannot extend the limitations period by even one day." *Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143, 146 (2d Cir. 1984). Given this clear rule, and the undisputed facts—that Ms. Poniatowski's attorney received the notice on November 29, 2012 and she filed her suit 95 days later on March 4, 2013—the Court finds that Ms. Poniatowski's suit is untimely.

### B. Equitable Tolling

Because the 90-day time limit for filing suit is not jurisdictional, a court may employ equitable tolling. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). "When determining whether equitable tolling is applicable, a district court must consider whether the person seeking application of the equitable tolling doctrine (1) has acted with reasonable diligence during the time

4

period she seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80-81 (2d Cir. 2003), *as amended (July 29, 2003)* (internal alterations and citations omitted).  Equitable tolling may be appropriate, for example, where: "plaintiff actively pursued judicial remedies but filed a defective pleading during the specified time period"; "plaintiff was unaware of his or her cause of action due to misleading conduct of the defendant"; or "a plaintiff's medical condition or mental impairment prevented her from proceeding in a timely fashion." *Id.* at 80.  However, "equitable tolling is only appropriate in rare and exceptional circumstances in which a party is prevented in some extraordinary way from exercising his rights." *Id.* (internal alterations and citations omitted).

In her deposition, Ms. Poniatowski was asked "Is there a reason why you didn't file your Complaint earlier than March 4, 2013?" *See* Deposition Transcript, Exhibit 1 to Dkt. No. 56, at 45. Ms. Poniatowski's answer was clear: "No. There is no reason." *Id.* If there was a reason for the delay—especially an "extraordinary" one that would merit equitable tolling—she should have answered yes to that question.  Now, in her letter opposition, Ms. Poniatowski offers to submit additional information supporting her claim for equitable tolling.  She writes "Being unaware of the date when my counsel received my right-to-sue letter, I believed that my filing was timely and that no exceptional circumstances needed to be disclosed."  In her letter, Ms. Poniatowski offers now to submit under seal evidence of the extraordinary circumstances that would justify equitable tolling.

The Court finds no basis to justify equitable tolling in this matter.  Ms. Poniatowski must be held to the answer that she provided in her deposition.  She said in her deposition that there was no reason for her delay.  Now she says that she wants to change her answer because she has discovered that her answer was damaging to her case.  The Court must assume that Ms. Poniatowski told the truth while she was under oath at her deposition, at a time when she did not realize her answer might determine the outcome of this case.  The time for Ms. Poniatowski to bring forth evidence

5

justifying her delay was during the extended discovery period ordered by the Court, not after filing her opposition to the government's motion for summary judgment.  This case was filed almost two years ago, and it is only now, after the close of discovery on the issue of timeliness following multiple extensions, after she apparently realizes that her filing was untimely, that she raises the argument that she has a basis for equitable tolling.  Ms. Poniatowski cannot change her facts now to support a new legal theory.  The only statement in the record regarding why Ms. Poniatowski's filing was late is Ms. Poniatowski's own:  "There is no reason."  The Court finds that equitable tolling is unwarranted.

V.     CONCLUSION

The government's motion for summary judgment is granted.  The Clerk of Court is directed to terminate the motion pending at docket number 51 and to close this case.

SO ORDERED.

Dated:  December 31, 2014
New York, New York

GREGORY H. WOODS
United States District Judge